(No. 75-CC-1293—)

ROBERTA SORKIN, Claimant, v. BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, Respondent.

*Opinion filed December 9, 1980.*

EDWARD J. VRDOLYAK, LTD. (WILLIAM J. McGANN, of counsel), for Claimant.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob (Kenneth G. Kombrink, of counsel), for Respondent.

Roe, C. J.

This claim arises out of an incident which occurred on June 29, 1973 on the premises of Northeastern Illinois University which is located at St. Louis and Bryn Mawr Avenues, Chicago, Illinois. On said day the Claimant, Roberta Sorkin, arrived at the campus at approximately 4:30 p.m. alone with the intention of obtaining an application for summer classes from the Administration Building. At approximately 5:00 p.m. Claimant approached two concrete steps between a classroom building and the Commuter Center. The steps were constructed such that the top step of the two overhung the lower one, *i.e.* a gap existed between the top and bottom step. As Claimant ascended the steps her right foot caught the edge of the overhang which caused her to trip and break the fifth metatarsal bone in her right foot.

In her complaint Claimant charged Respondent with the duty to exercise ordinary care in the maintenance of the premises to avoid injuries to persons lawfully on the premises and with the breach of that duty in one or more of the following ways: (a) allowing the stairway to deteriorate, (b) maintaining a gap in said stairway which Respondent knew, or should have known, that persons going up or down said stairs could catch their feet thereon and trip, (c) failing to repair said stairway when Respondent knew or should have known of its dangerous condition, and (d) otherwise carelessly and negligently operating said premises.

After carefully examining all the testimony and other evidence put forth in this case we find that the Respondent breached no duty owed to Claimant. Furthermore, the evidence tended to indicate that the accident, if caused by the negligence of anybody, was caused by Claimant's own negligence.

As to Claimant's first and third allegation of negligence we find that the steps in question had not deteriorated or otherwise fallen into a state of disrepair. This fact is quite obvious from Claimant's exhibits numbers 2, 4, 5, 6. Said exhibits are pictures of the steps which Claimant testified accurately portrayed their condition at the time of the accident. They clearly show the steps to have been in good condition.

As to the second and fourth allegation of negligence we do not feel that Respondent acted or failed to act other than with ordinary care in the maintenance of the steps. By Claimant's own admission the gap referred to was in fact a characteristic of the design of the particular steps. The pictures of the steps also support this finding. Furthermore we take judicial notice of the fact that a large number of stairways in both the public and private sector are similarly constructed. Many stairways do not have any vertical support at all except for at the edges. To hold the State liable for the accident here would, in effect, be making the State an insurer of the public which we have consistently refused to do.

Furthermore the evidence showed that the bottom step was between twelve and fifteen inches from front to back. In our opinion this is sufficient space for the secure placing of one's foot in the act of ascending the steps without having to insert the foot beneath the overhang of the top step. We find Respondent acted with ordinary care in all respects.

Although the findings have sufficed to deny the claim, there is also evidence which tends to show that the Claimant was a cause of her own accident. The accident took place during daylight hours on a sunny day. There was no evidence of any foreign substance, sticky or slippery. Claimant was familiar with the condition of the steps. She testified to having observed the steps from a distance of forty feet immediately prior to the accident and kept on walking, looking straight ahead, and did not look at them again until she was directly on top of them. A witness, Claimant's sister, testified that Claimant was looking straight ahead at the time she fell. There was also testimony that Claimant had been aware of the steps for some time prior to the accident. Claimant had graduated from the university and had attended classes there for eight or nine months. She testified that three months prior to the accident she had observed the gap while sitting with classmates in the area of the steps.

Because of failure of Claimant to prove breach of duty it is hereby ordered that this claim be, and hereby is denied.